

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Overruled by O-5056-A
insofar as it conflicts

Honorable E. G. Moseley
Civil District Attorney
Dallas, Texas

Dear Sir:

Opinion No. O-1939
Re: (1) Manner of assignment
by the State of Texas of
its interest in property
purchased by it at a tax
sale during the two year
period of redemption.
(2) In the case of re-
demption would the State
of Texas or its assignee
be entitled to the 25 or
50% redemption penalty
provided in Section 12 of
Article 7345b.

We are in receipt of your letter in which you
request an opinion of this Department on the questions
stated in your letter as follows:

"Accordingly, I ask may the State of
Texas assign its interest in the property
so purchased by it at a tax sale during
the two year period of redemption to any
one who will pay the amount of judgment,
costs and interest. (2) If so, who would
execute the assignment (3) What kind of
assignment would be necessary (4) What
authorization would be necessary to the
person so executing the instrument of as-
signment.

"If you hold that such an assignment can
be given, I understand that inasmuch as the
State is not entitled to the redemption penalty
(25 & 50%), the assignee of the State would al-
so be prohibited from exacting this penalty."

In reference to the sale of property purchased by a taxing unit at a tax sale, Section 9 of Article 7345b of Vernon's Annotated Civil Statutes is applicable. Said section reads in part as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.

"Provided that if sale has not been made by such purchasing taxing unit before six months after the redemption period provided in Section 12 hereof has expired, it shall thereafter be the duty of the Sheriff upon written request from any taxing unit who has obtained a judgment in said suit, to sell said property at public outcry to the highest bidder for cash

at the principal entrance of the courthouse
in the county wherein the land lies, after
giving notice of sale in the manner now
prescribed for sale of real estate under
execution. . ."

Under the section above quoted, if the State of
Texas has purchased property at such a tax sale, it holds
the property in trust for itself and the other taxing
units which were parties in the suit against the taxpayer.
The above quoted article contemplates that the taxing
unit purchasing the same at the tax sale will attempt
to sell the property. The only restriction placed on this
is that when attempt is made to sell the property for less
than the adjudged value of the property or the amount of
the judgment against the property in the suit, whichever
is lower, the taxing unit holding the property must first
obtain the written consent of all other taxing units which
in the judgment have been found to have tax liens against
the property. Such a requirement of written consent is
not necessary except in case the purchasing taxing unit
wishes to sell the property for an amount which is lower
than the adjudged value or the amount of the judgment.
It would be absurd to say that the taxing unit purchasing
property at a tax sale may sell the same by obtaining
written consent of all the taxing units which were parties
to the suit for an amount less than the adjudged value or
the amount of the judgment, but that said taxing unit is
prohibited from selling the same for an amount at least
equal to or greater than the adjudged value or the amount
of the judgment. There can be no question but that the
Legislature has given the taxing unit purchasing the
property at the tax sale the right or authority to sell
the acquired interest in such property within the two
year redemption period.

This Department ruled in Opinion No. 950 writ-
ten by Honorable Bruce W. Bryant, Assistant Attorney
General, addressed to Honorable Richard S. Morris, County
Attorney, Claude, Texas, as follows in this connection:

"(b) It is our opinion that a taxing unit
purchaser of land at a tax sale may, before the
period of redemption has expired, sell, convey
or assign at private sale its right to receive
the redemption money from the owner, together
with the title which will vest upon failure to
redeem within the statutory period.

"We answer your second question as follows:

"It is our opinion that the right to receive the redemption money should be conveyed by a quit-claim deed to the land containing an assignment clause by which the grantee is specifically assigned the right to collect the money from the owner and to issue to him a receipt for the same. The statute does not provide that the purchaser shall execute such a receipt but the owner would have the right to demand and receive some evidence in writing that he had redeemed his land within the time and manner provided by law.

"We answer your third and last question by saying that the sheriff has nothing whatever to do with any kind of a private sale whether made before or after the period of redemption has ex- pired. Sales made by the sheriff would not be private, but public sales."

You are therefore advised that in accordance with the opinion above quoted the State of Texas may as- sign or sell its right and the right of the other taxing units in the property under provisions and conditions above stated. As stated in this prior opinion, the as- signment or sale should be made by a quitclaim deed.

You also ask what person is to execute the deed where the State sells property which it has pur- chased at a tax foreclosure sale. In Article 7345b of Vernon's Annotated Civil Statutes the legislature has failed to indicate who shall have the authority to exe- cute such deed. In all probability the general statutes on the conveyance of property by the State which it has purchased at an execution sale will apply. Said statutes read as follows:

"Art. 4401. If any property shall be sold by virtue of any execution, order or sale issued upon any judgment in favor of the State or sale by virtue of any deed of trust—except executions issued upon judgments in cases of scire facias the agent representing the State by and with the advice and consent of the Attorney General is hereby authorized and required to attend such sales and bid on and buy in for the State said property when it shall be deemed proper to

protect the interest of the State in the
collection of such judgment and debt. His
bid shall not exceed the amount necessary
to satisfy said judgment and debt and all
costs due thereon. (Acts 1879, S.S., pp.
9-10; G.L. vol. 9, p. 41, as amended Acts
1927, 40th Leg., p. 361, ch. 243, § 1.)"

"Art. 4402. In all cases where property
is so purchased by the State, the officer sell-
ing the same shall execute and deliver to the
State a deed to the same, such as is prescribed
for individuals in similar cases."

"Art. 4403. The agent or attorney of the
State buying for the State such property at
such sales shall be authorized by and with the
advice and consent of the Attorney General, at
any time to sell or otherwise dispose of said
property so purchased in the manner acquired
and upon such terms and conditions as he may
deem most advantageous to the State. If sold
or disposed of for a greater amount than is
necessary to pay off the amount due upon the
judgment or debt, and all costs accrued thereon,
the remainder shall be paid into the State
Treasury to the credit of the general revenue.
When such sale is made, the Attorney General
shall, in the name of the State, execute and
deliver to the purchaser a deed of conveyance
to said property, which deed shall vest all
the rights and title to the same in the pur-
chaser thereof. (ID. sec. 3, as amended Acts
1927, 40th Leg., p. 361, ch. 243, § 1."

It is our opinion, therefore, that under author-
ity of the above-quoted articles, the Attorney General
shall execute and deliver the deeds of conveyance to
property purchased and sold as above discussed. Your
attention is also called to the portion of Section 9 of
Article 7345b, supra. which reads as follows:

". . . Consent in behalf of the State
of Texas under this Section of this Act may
be given by the County Tax Collector of the
county in which the property is located."

It is suggested that possibly the safest method of conveying the property above discussed would be by evidencing the Tax Collector's consent by having said individual join the Attorney General in the execution of the deed.

In your second question you are concerned with whether or not the State of Texas or its assignee is entitled to receive the redemption penalties provided in Section 12 of Article 7345b in a case where the State has purchased property at a tax sale under Authority of Section 8 of Article 7345b.

Your attention is called to Section 13 of Article 7345b which reads as follows:

Sec. 13. The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided. Acts 1937, 45th Leg., p. 1494-a, ch. 506." (Underlying ours)

Section 12 of Article 7345b reads as follows:

"Sec. 12. In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One

($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"In addition to redeeming direct from the purchaser as aforesaid, redemption may also be made upon the basis hereinabove defined, as provided in Articles 7284 and 7285 of the Revised Civil Statutes of Texas of 1925."

Section 12, in its language, applies to all "purchasers" at tax sales, which general classification would include the State of Texas, because Section 1 of Article 7345b includes or defines "taxing units" as including "the State of Texas or any town, city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes."

The method of redemption provided in Section 12, supra, would apply to all tax suits brought under the authority of Article 7345b. The redemption may be made from the purchaser at the first foreclosure sale or his or its assignee.

The language in Section 9 of Article 7345b clearly indicates that a "taxing unit" is classified as a "purchaser". Said article reads in part as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same . . ."

Had the legislature intended to make a separate rule for the redemption of property from a taxing unit

which was the purchaser at the original foreclosure sale, Section 12 supra would have included such exemption. However, the legislature saw fit to make Section 12 and the penalty provisions provided therein applying indiscriminately to all purchasers or their assignees at the foreclosure sale. Because of Section 13 of the Act, Section 12 would supercede any statute concerning redemption which might be in conflict with the same.

You are therefore advised that in redeeming property from the State in a case where the State has purchased property at a tax foreclosure sale under the authority of Sections 8 and 9 of Article 7345b, Section 12 of said article would apply, and the person seeking to redeem the property would have to pay the penalties of redemption provided in said section. The same would be true if the redemption were made from an assignee or vendee of the State in such a case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Billy Goldberg
            Assistant

BG:ew/mjs

APPROVED MAR 26, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By BWB
Chairman